HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SARA STRAUSS,

       Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

       Defendant.

CASE NO. C14-1228RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court via 42 U.S.C. § 405(g) on review of the decision of the Commissioner of the Social Security Administration denying Plaintiff Sara Strauss's application for supplemental security income.  The court has considered the parties' briefs and the Administrative Record ("AR").  For the reasons stated herein, the Court REVERSES the Commissioner's decision and REMANDS this matter for further administrative proceedings.

## II.  STANDARD OF REVIEW

In a case like this one, where the court reviews the decision of an administrative law judge ("ALJ") to deny disability benefits, the court must generally affirm the ALJ's decision where substantial evidence supports it.  *Bray v. Comm'r of Social Sec. Admin*, 554 F.3d 1219, 1222 (9th Cir. 2009) ("Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind

ORDER – 1

might accept as adequate to support a conclusion.") (citation omitted).  In certain circumstances, such as when an ALJ rejects a claimant's testimony about the severity of her impairments, a higher standard applies.  *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (requiring "specific, cogent reasons" for rejecting claimant's testimony, and "clear and convincing evidence" where there is no evidence of malingering).  Similarly, an ALJ can reject the uncontradicted opinions of a treating or examining medical provider only where clear and convincing evidence supports that decision.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Even where medical evidence contradicts the opinion of a treating or examining provider, the "ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

A five-step process determines whether an applicant is disabled.  *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1096 n.1 (9th Cir. 2014); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  The burden of proof is on the applicant in the first four steps, which are the prerequisites of a prima facie case of disability.  *Treichler*, 775 F.3d at 1096 n.1.  In the first step, the applicant must show that she did not engage in substantial gainful activity during a relevant time period.  20 C.F.R. § 404.1520(a)(4)(i).  If she did, then she is not disabled.  If she did not, then the claimant must show at the second step that she has a "severe medically determinable physical or mental impairment" or combination of impairments that are collectively severe.  20 C.F.R. § 404.1520(a)(4)(ii).  The severe impairment must generally last at least a year.  *Id.*; *see also* 20 C.F.R. § 416.909 (setting "duration requirement" for impairment).  If an applicant shows a severe impairment of sufficient duration, she must show at the third step that over the course of at least a year, her impairment "meets or equals" an impairment listed in applicable regulations.  20 C.F.R. § 404.1520(a)(4)(iii).  If it does, she is disabled.  If not, the ALJ must determine, between step three and step four, the applicant's RFC, which is an assessment of the applicant's "ability to work after

ORDER – 2

accounting for her verifiable impairments." *Bray*, 554 F.3d at 1222-23.  The applicant must demonstrate at step four that her RFC is such that she cannot perform her past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv) (noting that an applicant who can perform past relevant work is not disabled).  If she cannot, then the burden shifts to the SSA to demonstrate that her RFC permits her to perform other jobs that exist in substantial numbers in the national economy.  *See Bray*, 554 F.3d at 1223 (describing allocation of burdens in five-step process).

In this case, the ALJ found that Ms. Strauss's severe impairments include bipolar disorder, attention deficit hyperactivity disorder, and asthma.  AR 13.  The ALJ found that despite Ms. Strauss's impairments, she could perform a full range of work at all exertional levels, but must avoid exposure to extreme cold and concentrated exposure to pulmonary irritants.  AR 15-16.  The ALJ also limited Ms. Strauss to unskilled work.  AR 16.  With that RFC assessment in mind, the ALJ found Ms. Strauss capable of performing representative occupations including electrical accessories assembler, inspector hand packager, and industrial cleaner.  AR 18-19.

Ms. Strauss argues that the ALJ erred in assessing medical opinion evidence, her subjective testimony, and evidence provided by a lay witness. She also argues that the ALJ erred in assessing her RFC, and in finding at step five that she can perform other jobs.  The Court will address each assignment of error in turn.

### III.   ANALYSIS

A.    **The ALJ Erred in Discounting the Opinion of Brenda Havellana, Ph.D.**

Dr. Havellana examined Ms. Strauss in December 2010 and September 2011, and completed opinion reports for DSHS.  AR 227-44.  In both reports, Dr. Havellana diagnosed Ms. Strauss with bipolar disorder, and opined that she had moderate and marked cognitive and social limitations as a result.  AR 229-30, 237-39.

The ALJ afforded "some weight" to Dr. Havellana's opinions, finding that the activities of daily living described by the psychologist were consistent with the

ORDER – 3

performance of unskilled work.  AR 18.  The ALJ went on to discount "the more severe functional limitations" indicated by Dr. Havellana, as inconsistent with Ms. Strauss's activities and unsupported "in the clinical findings."  *Id*.

The ALJ's reasons to discount Dr. Havellana's opinions are not sufficiently specific, because the ALJ did not identify which activities were inconsistent with the opinions, nor did the ALJ explain which clinical findings contradict which portions of Dr. Havellana's opinions.  *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (requiring that an ALJ must not merely state her own conclusions, but "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct").  Although the Commissioner's brief attempts to fill in some of the gaps left by the ALJ (Dkt. # 13, at 6-7), the Court declines to do so.  *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.  It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss." (citation omitted)).  On remand,[1] the ALJ shall reconsider Dr. Havellana's opinions and either credit them, or provide specific and legitimate reasons to discount them.

**B.    The ALJ Erred in Discounting Ms. Strauss's Subjective Testimony.**

The ALJ indicated that she found Ms. Strauss's subjective statements not "entirely credible" because (1) the evidence related to her activities — including laundry, housecleaning, walking daily, paying her bills, and managing a checking account — showed that she had sufficient memory to perform an unskilled job; and (2) her

---

[1] Although Ms. Strauss requests that the Court remand for a finding of disability, this remedy is inappropriate because the record does not clearly establish that Ms. Strauss is entitled to benefits. The ALJ's findings regarding the limited extent of Ms. Strauss's physical restrictions are unchallenged (AR 14), and Dr. Havellana's opinions appear to be based on an inaccurate understanding of Ms. Strauss's substance use history (AR 230, 238).  Furthermore, many of Ms. Strauss's medical records were generated while she was pregnant and unable to complete her typical course of psychiatric medications, and therefore these records may not accurately reflect her functioning throughout the entire relevant period.  Further development of the record would be useful under these circumstances.  *See Treichler*, 775 F.3d at 1105.

ORDER – 4

statements describing attention, concentration, and persistence deficits were contradicted by her progress toward obtaining a GED.  AR 17.

These reasons are not clear and convincing, because the evidence cited by the ALJ does not support her conclusions.  The ALJ relies on the statement of Charlotte Tucker, Ms. Strauss's grandmother, describing Ms. Strauss's activities, but Ms. Tucker's statements as a whole make clear that Ms. Strauss requires multiple reminders and encouragement to complete the tasks described by the ALJ.  *See* AR 187-91, 209.  Thus, although Ms. Tucker indicated that Ms. Strauss could physically complete various tasks, she did not opine that Ms. Strauss could complete those tasks without reminders or encouragement.  *See, e.g.*, AR 209.  The ALJ's first reason is not supported by substantial evidence.

The ALJ's second reason is also unsupported by substantial evidence, because the mere fact that Ms. Strauss has progressed toward completing her GED does not substantively contradict her allegations regarding attention, concentration, and persistence deficits.  The only evidence describing how well Ms. Strauss fared in her GED program suggests that she had difficulty meeting the requirements.  *See, e.g.*, AR 228.  Ms. Strauss had not yet completed the requirements at the time of the administrative hearing in September 2012, and appeared to have made little to no progress since September 2011.  *Compare* AR 31 (describing one or two tests remaining) *with* AR 236 (describing two tests remaining).  Thus, the evidence cited by the ALJ does not, in context, support the ALJ's conclusion.

On remand, the ALJ shall reconsider the credibility of Ms. Strauss's subjective testimony and either credit it or provide clear and convincing reasons to discount it.

**C.     The ALJ Erred in Failing to Address the Statements Provided by Ms. Tucker.**

The ALJ did not specifically weigh the statements provided by Ms. Tucker.  AR 185-92, 208-09.  An ALJ must provide germane reasons to discount the testimony of a lay witness.  *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

ORDER – 5

1   Although the Commissioner argues that the ALJ's error is harmless (Dkt. # 13, at
2   10-11) because the same reasons provided by the ALJ for discounting Ms. Strauss's
3   testimony apply to Ms. Tucker's statements, this argument fails because the Court finds,
4   as explained *supra*, that the ALJ erred in assessing Ms. Strauss's testimony.  On remand,
5   the ALJ shall specifically address Ms. Tucker's statements and either credit them or
6   provide germane reasons to discount them.
7           Because the Court has found error in the ALJ's assessment of medical evidence,
8   Ms. Strauss's testimony, and lay witness evidence, the ALJ's RFC assessment and step-
9   five findings will need to be reconsidered on remand and the alleged errors as to their
10  current formulation need not be addressed further here.

## IV.  CONCLUSION

12          For the reasons stated above, the Court REVERSES the Commissioner's decision
13  and REMANDS this matter for further administrative proceedings.  The clerk shall enter
14  judgment for Ms. Strauss.
15          DATED this 15th day of June, 2015.

The Honorable Richard A. Jones
United States District Judge

28  ORDER – 6